## WALTER A. WOOD MOWING & REAPING MACHINE CO. *v.* VANDERBILT.

1. JUSTICES OF THE PEACE—ADJOURNMENT—ABUSE OF DISCRETION.
   Where there is an express understanding between the parties to an action in justice's court that the cause will be heard upon a certain day, to which an adjournment is taken, and the plaintiff procures witnesses to be then present from a distance, the refusal of the justice to further adjourn the cause is not such an abuse of discretion as amounts to legal error, although security for costs is not entered until the adjourned day, if it does not appear that the defendant was prevented from preparing his defense on account of such delay; especially where the defendant, upon the return day, with knowledge of the facts, procured the adjournment without insisting that security for costs be previously entered.

2 SAME.
   Nor is it error to refuse such adjournment, although a bill of particulars was not served until two days prior to the adjourned day, where it was contemplated by the parties that

plaintiff should have some time for its preparation, and no time was fixed for the service thereof, and where it further appears that defendant knew before the service of the same who were to be his witnesses, and no affidavit of merits is filed.

Error to Bay; Maxwell, J.   Submitted April 23, 1896. Decided May 26, 1896.

*Assumpsit* by the Walter A. Wood Mowing & Reaping Machine Company against Louis Vanderbilt for goods sold and delivered. A judgment for plaintiff in justice's court was reversed on *certiorari*, and plaintiff brings error.   Reversed.

*Van Kleeck & Anneke*, for appellant.

*L. McHugh*, for appellee.

MONTGOMERY, J.   Plaintiff recovered a judgment of $196 and costs against the defendant in an action of *assumpsit* before a justice of the peace, which was reversed on *certiorari*, and plaintiff brings error.

The action before the justice was instituted by summons returnable September 28, 1895, at 9 a. m.   On the return day both parties appeared by attorney.   The plaintiff declared on the common counts in *assumpsit* and for goods sold and delivered.   Defendant asked for security for costs, and demanded a bill of particulars of its account.   The case was, in this state, adjourned, on motion of defendant, to October 12th at 9 a. m.   It also appears by the affidavit for *certiorari* that a bill of particulars was served on him on the 10th or 11th of October.   On the adjourned day defendant filed his plea, and asked for a further adjournment, which was refused, and this refusal is the error alleged in various forms in the affidavit for *certiorari*.

The errors assigned in the affidavit are as follows:

" 1. That said justice erred in overruling said motion for an adjournment, for the reason that issue was not joined in said cause until after the parties appeared on said

day, and the said defendant filed his plea and notice, and because the said defendant could not know whether he could safely proceed to the trial of said cause or not, and be secure in the collection of the costs which he would necessarily incur in making preparation for said trial, until the said plaintiff had filed said security for costs.

"2. That said justice erred in refusing to grant said adjournment on the evidence of the witness who was examined on oath on the part of the defendant as to the necessity of an adjournment of said cause to enable said defendant to secure the attendance of witnesses at the trial of said cause, whose evidence would be necessary and material to the defense of this deponent in said cause.

"3. The said justice erred in not granting the said adjournment upon the affidavit of L. McHugh, filed in said cause on behalf of the defendant, a copy of which is inserted herein, and marked 'Exhibit A;' there being no testimony of any kind offered by the said plaintiff tending to show that it would be inconvenienced by the adjournment of said cause, or that it would be inconvenient for the said plaintiff to try said cause on a day to which same might be adjourned on the showing made by the said defendant.

"4. That the justice erred in overruling said motion for the reason that said defendant could not be compelled to go to trial, or to incur the expense of preparing for trial and procuring the attendance of witnesses, until security for costs was filed by said plaintiff."

The return of the justice shows that on the forenoon of the adjourned day the defendant's attorney asked an adjournment of two weeks; that the plaintiff's attorney objected on the ground that he had three witnesses in court who had traveled, respectively, 50 to 180 miles for the purpose of giving evidence; that the defendant's attorney was sworn, and later filed an affidavit, and thereupon the case was adjourned until 1 o'clock of the same day, at which time the plaintiff filed four counter affidavits; and that thereupon he (the justice) signified his willingness to hold the case open until evening, in order that the defendant might have time to prepare, but the defendant refused to accept this. Thereupon the trial proceeded, the defendant refusing to take any part

in the proceedings. The justice further returned that he became satisfied that the defendant had made no showing of diligence, and that the plaintiff had witnesses in court from Detroit, Kalamazoo, and near Port Huron, and that on the occasion of the first adjournment it was expressly understood that the case was to be tried on the 12th of October. A further return shows that the security for costs was not entered upon the docket until the 12th of October, but that it was entered upon that day, and before any witnesses were sworn.

It does not appear that the defendant was prevented from or delayed in making preparation for his defense on account of the delay in filing security for costs. On the contrary, the affidavit shows that on the 8th of October he called on the justice, and ascertained that the bill of particulars had not been filed, and this is impliedly stated as the reason for not preparing for the trial. It appears that it was known to defendant that security was not filed on the commencement of suit, and that the case was adjourned on his motion without insisting that the security for costs be previously entered; and, if the delay in entering such security was the cause of defendant's failure to make preparation, he studiously concealed that fact from the justice, and assigned another reason.

As to the plaintiff's delay in furnishing a bill of particulars, it is to be borne in mind that the affidavit for *certiorari* shows clearly that it was expected that the plaintiff should take some time for that purpose, as it states that the plea was to be withheld until the bill of particulars was served. No time was fixed, and the bill was filed on the 9th and served on the 10th. A significant fact is that, before the bill of particulars was served, defendant knew who were to be his witnesses, and informed his attorney. It is also a significant fact that there was no affidavit of merits, so far as the record shows. Under these circumstances,—limiting our inquiry to the facts shown by the return of the justice, as we are bound to do, —we think there was no such abuse of discretion by the

justice in refusing an adjournment as amounts to legal error.   The case should be very plain indeed which justifies resort to *certiorari* to review the rulings of the justice on such a question.

The judgment of the circuit court is reversed, and that of the justice affirmed, with costs of all the courts.

GRANT, HOOKER, and MOORE, JJ., concurred.   LONG, C. J., did not sit.